# EXHIBIT D

**Declaration of Benjamin R. Winograd**

1. My name is Benjamin R. Winograd. I am an attorney licensed in California. I have practiced exclusively immigration law since my admission to the bar in 2011. I presently work for the Immigrant & Refugee Appellate Center, LLC, which is located across the street from the Board of Immigration Appeals (BIA). I specialize in representing noncitizens whose cases are on appeal before the BIA or a petition for review before a federal circuit court. I also maintain an index of unpublished BIA decisions that presently contains summaries of more than 8,000 decisions.

2. In the course of my practice, I have observed that the BIA processes cases involving noncitizens who are detained much more quickly than it processes cases involving noncitizens who are not detained. For example, after a notice of appeal is filed, it generally takes weeks for the Board to create a transcript and issue a briefing schedule if the noncitizen is detained, versus years if the noncitizen is not detained. Similarly, once the briefs have been submitted, it generally takes months for the Board to issue a decision if the noncitizen is detained, versus years if the noncitizen is not detained.

3. I have received three decisions from the BIA involving a detained noncitizen since the start of 2025, and each time less than six months had elapsed since the filing of the notice of appeal. In the first case, the notice of appeal was filed on September 2, 2024; the briefing schedule was issued on October 10, 2024; briefing was complete by November 20, 2024; and the BIA issued its decision on January 17, 2025. In the second case, the notice of appeal was filed on December 2, 2024; the briefing schedule was issued on December 18, 2024; briefing was complete by January 8, 2025; and a decision was issued on April 28, 2025. In the third case, the notice of appeal was filed on October 1, 2025; the BIA issued a briefing schedule on November 19, 2025; briefing was complete by December 10, 2025; and the BIA issued its decision on March 20, 2026.

4. By comparison, processing times in cases involving non-detained noncitizens are much lengthier. At present, I have five such cases in which I am awaiting the issuance of a transcript and briefing schedule. In those cases, the notices of appeal were submitted on December 18, 2023; October 16, 2024; December 2, 2024; December 16, 2024; and February 7, 2025. Meanwhile, I have 14 pending cases involving non-detained noncitizens in which briefing is complete and I am awaiting a decision. In those cases, briefing was complete on March 23, 2021; October 12, 2021; November 3, 2021 (two cases); November 24, 2021; January 27, 2022; March 28, 2022; April 27, 2022; August 8, 2023; February 23, 2024; July 8, 2024; May 7, 2025; June 18, 2025; and December 30, 2025.

5. The attorneys representing Mahmoud Khalil have informed me that the BIA issued the transcript and original briefing schedule only 13 days after receiving the notice of appeal, and that it issued a decision only nine days after briefing was complete. I am not aware of any case—even one involving a detained noncitizen—in which the BIA issued a transcript or decision so quickly. Given that Mr. Khalil was not detained while his appeal was pending, the only possible conclusion is that the BIA specifically placed his case on an accelerated timeline, presumably with the aim of upholding the order of removal as quickly as possible.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 13, 2026

Benjamin Winograd