# DECLARATION OF ANDREA SÁENZ

I, Andrea A. Sáenz, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I have been a practicing immigration attorney for over 17 years, and currently serve as Senior Counsel at Co-Counsel NYC, a nonprofit organization that provides pro bono legal services and training to clients and community organizations. I have specialized in removal defense, detention litigation, and BIA and circuit court appeals during my entire career and have litigated or supervised hundreds of immigration appeals.

2. From September 2021 to March 2025, I was an Appellate Immigration Judge ("AIJ") at the Board of Immigration Appeals ("BIA" or "Board"). I adjudicated over 4,000 cases during my time on the Board.

3. I have spoken to Mahmoud Khalil's attorneys about the circumstances of his 2026 appeal to the BIA. I also spoke to Jonah Bromwich at the New York Times, who asked me to comment about information the Times obtained about the BIA's handling of Mr. Khalil's appeal. As I told the Times, many aspects of the case processing of Mr. Khalil's appeal are extremely unusual compared to the practices I saw at the Board.

4. First, it appears that BIA staff were tracking the case before the IJ completed the case, which is unusual. I have never seen notations tracking an appeal that started even before it was filed.

5. Similarly, BIA staff appear to have been told to treat the case as "detained," which would expedite it significantly because detained cases are a priority, even though Mr. Khalil had been released from custody before he filed his appeal. Given the BIA's large backlog, it is not unusual for a non-detained appeal to pend for two years or more. The detention status of a noncitizen is clear from the Notice of Appeal form because the appellant marks "DETAINED" or "NOT DETAINED" on the first page and then lists their address on the last page. The clerk's office staff would not have any reason to depart from usual practice unless directed to do so by senior Board staff.

6. Sometimes appeals are filed when the noncitizen is detained, but the person gets released during its pendency. In those cases, I sometimes saw a delay in the BIA recognizing the person had been released and moving the case to the slower regular docket. But I have never seen a notation that a case should be treated as detained even though the BIA itself recognized the person was living in the community when the appeal was filed.

7. Beyond treating the case as "detained," this case was processed and adjudicated much faster than even a regular detained case would be. In this case, a transcript and briefing schedule was issued eight days after the Notice of Appeal was filed, which is faster than any case I have ever seen. The basic docketing of a new appeal and the production of a

transcript in a case that has had multiple hearings usually takes at least a month or two even in detained cases.

8. After briefs have been filed, a BIA appeal is assigned to an attorney advisor who reviews the file, drafts a proposed order, and then circulates the case to an AIJ. In complex cases, the case will need a 3-judge panel, as it did here. *See* 8 C.F.R. § 1003.1(e)(6)(vii). The time it takes for attorney review and drafting; review and comments by 3 separate AIJs; discussion among the panel; revision by the attorney or the AIJs; re-circulation to the panel; voting; and sending to docket for issuance, is significant even in a detained case. In my experience, this process took between a month and three months in most detained cases, and even longer in complex cases presenting novel legal issues.

9. Having a case drafted, reviewed, adjudicated by a 3-judge panel, and issued nine days after briefing is complete is just unheard of. I do not know how a case could move that fast unless it was essentially in its own category and expedited well beyond the Board's existing categories to expedite cases.

10. I am aware the Times also reported that multiple AIJs recused from the publication vote in this case. For context, all permanent AIJs vote whether a case should be published, even though only 3 AIJs appear on the decision as the panel. *See* 8 C.F.R. § 1003.1(g)(3).

11. Although AIJs did not receive BIA-specific ethics training when I was there, we did complete annual ethics training through the Department of Justice, as Immigration Judges and Appellate Immigration Judges are attorney employees of DOJ. This training covered conflicts of interest, including the appearance of bias, and when DOJ attorneys should not participate in a legal matter.

12. It was unusual, although not unheard of, for an AIJ to recuse from a case. AIJs did not have to disclose why they recused but often did. The main reasons were a significant personal relationship with one of the attorneys on the case, or that they had somehow been involved with the case at the trial level – for example, they had actually *been* the Immigration Judge before being appointed to the Board or touched the case as a former DHS prosecutor. Other reasons attorneys commonly have conflicts of interest, such as having a financial interest in the outcome, do not really apply to BIA appeals.

13. I remember a small handful of cases that went to an en banc conference to be considered for publication where a single AIJ recused from the vote. I do not recall seeing any en banc conference where three or more AIJs recused. As I told the Times, this is extremely strange and raises serious questions about why that would happen, as the major common reasons for recusals would not seem to apply.

14. As far as I know, and based on the public biographies of AIJs, no AIJs did act as the trial-level immigration judge in this case or were working as DHS prosecutors during the IJ proceedings. This raised serious questions for me about whether multiple AIJs had less formal contact or involvement with this high-profile case at an earlier stage such that they were aware they had a conflict of interest, or the strong appearance of one, voting on the

appeal. If that occurred, it would cast doubt on whether the immigration judge's trial-level decision was made independently and impartially.

Executed May 13, 2026, in Arlington, VA.

Andrea A. Saenz