**NOT FOR PUBLICATION**

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

Mahmoud KHALIL, [redacted]

Respondent

**FILED**
Sept. 25, 2026

ON BEHALF OF RESPONDENT: Marc Van Der Hout, Esquire

ON BEHALF OF DHS: Numa Metoyer, Associate Regional Counsel

IN REMOVAL PROCEEDINGS
On Motion from a Decision of the Board of Immigration Appeals

Before: Malphrus, Chief Appellate Immigration Judge; Gemoets, Appellate Immigration Judge; Hunsucker, Appellate Immigration Judge

Opinion by Chief Appellate Immigration Judge Malphrus

MALPHRUS, Chief Appellate Immigration Judge

The respondent is a native of Syria and a citizen of Algeria. This matter was last before the Board on April 15, 2026, when we designated as precedent an April 9, 2026, decision dismissing the respondent's appeal from a September 12, 2025, decision in which an Immigration Judge found him removable under sections 237(a)(4)(C)(i) and 237(a)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(4)(C)(i), (a)(1)(A), and denied his applications for relief and protection from removal. *Matter of M-K-*, 29 I&N Dec. 556, 559-61, 563-68 (BIA 2026). We also denied the respondent's motion to remand to consider previously unavailable evidence and to allow him to pursue voluntary departure. *Id.* at 561-63, 568-69. Presently before the Board is a motion to reconsider filed by the respondent, which the Department of Homeland Security ("DHS") opposes. The motion will be denied.

A motion to reconsider must specify the asserted errors in the prior decision and be supported by relevant authority. INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *Matter of O-S-G-*, 24 I&N Dec. 56 (BIA 2006) (discussing procedural requirements for motions to reconsider). A motion to reconsider challenges the original decision as defective in some respect, based on the previous factual record. *Matter of Cerna*, 20 I&N Dec. 399, 402-03 (BIA 1991). The filing of a motion to reconsider is not a process through which a party may submit, in essence, the same brief and seek reconsideration by generally alleging error in the prior decision. *Matter of O-S-G-*, 24 I&N Dec. at 58. The movant must specify the factual and legal issues raised that were erroneously decided or overlooked in the initial decision or show how a change in the law materially affects the prior decision. *Id.*

In *Khalil v. Trump*, 786 F.Supp.3d 871, 880 (D.N.J. 2025), a United States District Court judge issued a preliminary injunction enjoining the agency from seeking to remove the respondent based

[redacted]

on the determination of Secretary of State Marco Rubio that he is removable under section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i). The United States Court of Appeals for the Third Circuit subsequently vacated the preliminary injunction and remanded the record to the District Court judge. *Khalil v. President, United States*, 164 F.4th 259, 281 (3d Cir. 2026). The respondent argues that reconsideration of the Board's determination that the preliminary injunction was non-binding under *Khalil v. President, United States* is warranted because the Third Circuit had not at that time adjudicated his petition for rehearing en banc (Respondent's Mot. at 2-5).[1] *Matter of M-K-*, 29 I&N Dec. at 558, 559 n.4. We disagree.

The respondent argued on appeal that consideration of Secretary Rubio's determination continues to be enjoined (Respondent's Conditional Motion to Order Supplemental Briefing at 2-3; Respondent's Reply Br. at 3-5; Respondent's Opening Brief on Appeal at 3 & n.2). *Matter of M-K-*, 29 I&N Dec. at 558, 559 n.4. The respondent's reiteration of the same argument warrants denial of his motion to reconsider. *See Matter of O-S-G-*, 24 I&N Dec. at 58.

Furthermore, we additionally affirmed the Immigration Judge's finding that the respondent is removable under section 237(a)(1)(A) of the INA, 8 U.S.C. § 1227(a)(1)(A). *Matter of M-K-*, 29 I&N Dec. at 560-61. We also upheld the Immigration Judge's determination that the respondent failed to establish that he merits a waiver under section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), even without considering Secretary Rubio's determination in the discretionary calculus. *Matter of M-K-*, 29 I&N Dec. at 564. Likewise, we affirmed the Immigration Judge's denial of the respondent's applications for fear-based relief and protection from removal for reasons independent from Secretary Rubio's determination. *Id.* at 565-58. The respondent thus has not shown that, even were the Supreme Court to grant his petition for certiorari, this would constitute a change in the law materially affecting our prior decision. *See Matter of O-S-G-*, 24 I&N Dec. at 58.

The respondent further argues that the Board erred in relying on Secretary Rubio's determination because Government counsel stated during the litigation of *Khalil v. President, United States* that the Immigration Judge's ruling on the section 237(a)(4)(C)(i) charge had been vacated by the Immigration Judge (Respondent's Mot. at 5-7). DHS disputes the respondent's characterization of the record, asserting that the noted statements were not concessions, but were equivocal and made in the context of legal argument (DHS' Opp. at 4-5). In any event, reconsideration of this issue is unwarranted because the respondent duplicates an appellate argument that we have already found unpersuasive (Respondent's Reply Br. at 2-3; Respondent's Opening Brief on Appeal at 2-3). *Matter of M-K-*, 29 I&N Dec. at 559 n.5; *Matter of O-S-G-*, 24 I&N Dec. at 58.

---

[1] The Third Circuit has since denied the respondent's petition. Khalil v. President United States, 176 F.4th 295 (3d Cir. 2026) (mem.). The respondent presents evidence that on May 26, 2026, the court granted his motion to stay the issuance of the court's mandate pending his filing of a petition for certiorari with the United States Supreme Court (Respondent's Supp. Evidence, Tab A). The respondent has filed a petition for certiorari.

[redacted]

Lastly, on July 31, 2025, the Immigration Judge vacated her April 11, 2025, oral finding of removability under section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i), in response to an order of the District Court judge (Exh. 51). *See Khalil v. Trump*, 2025 WL 1983755, *1 (D.N.J. July 17, 2025). Claiming that the Immigration Judge incorporated this vacatur into her September 12, 2025, decision, the respondent argues that the Board erred in concluding that any section 237(a)(4)(C)(i) removability finding remained in effect (Respondent's Mot. at 7). *Matter of M-K-*, 29 I&N Dec. at 558 n.3. Reconsideration is unwarranted because the respondent previously raised the same argument on appeal, and we found it unpersuasive (Respondent's Conditional Motion to Order Supplemental Briefing at 2; Respondent's Reply Br. at 2-3; Respondent's Opening Brief on Appeal at 2). *See Matter of O-S-G-*, 24 I&N Dec. at 58.

In addition, as noted in our prior decision, the Immigration Judge also found the respondent removable under section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i), in a written decision issued on June 20, 2025. *Matter of M-K-*, 29 I&N Dec. at 558 n.3. The Third Circuit in its consideration of the Immigration Judge's June 2025 decision stated that "the Board could conclude that the [section 237(a)(4)(C)(i)] charge is still live or remand to the immigration judge to reinstate it." *Khalil v. President, United States*, 164 F.4th at 268-69, 276. The respondent has not shown that the Board erred in taking the former course of action. *See Matter of O-S-G-*, 24 I&N Dec. at 58.

For these reasons, we deny the motion to reconsider. The respondent has filed a petition for review of our April 9, 2026, decision with the United States Court of Appeals for the Fifth Circuit. The parties are ordered to inform the Fifth Circuit of our decision in this matter.

Accordingly, the following order is entered.

ORDER: The motion to reconsider is denied.

NOTICE: If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d; 8 C.F.R. § 280.53(b)(14). Further, any respondent that has been denied admission to, removed from, or has departed the United States while under an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a).